IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DOMINIQUE DeBOSE | § | |
| v. | § | CIVIL ACTION NO. 6:16cv2 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Dominique DeBose, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

DeBose pleaded guilty to and was convicted of aggravated sexual assault of a child. After a bench trial on punishment, he received a sentence of life imprisonment. His appeal was dismissed by the Twelfth Judicial District Court of Appeals on September 2, 2009. DeBose did not seek discretionary review from the Texas Court of Criminal Appeals.

Instead, he filed a state habeas corpus application on January 13, 2015. This application was denied without written order by the Texas Court of Criminal Appeals on June 10, 2015. DeBose signed his federal habeas corpus petition on December 27, 2015.

In his federal petition, DeBose contended that: (1) he has newly discovered evidence, although he does not specify what this evidence is; (2) he received ineffective assistance of counsel;

1

(3) he was denied due process because of his attorney's ineffectiveness and because he was denied a competency hearing; and (4) he is illiterate and did not understand what was happening, allowing his attorney to coerce an involuntary guilty plea.

The Magistrate Judge determined that DeBose's petition may be barred by the statute of limitations and gave him an additional opportunity to explain why his petition should not be so barred. *See Day v. McDonough*, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). In response, DeBose argued that he is unlawfully incarcerated because of an unconstitutional conviction and requested an evidentiary hearing. He contended that the testimony at such a hearing would show that his attorney did not properly investigate and failed to develop a number of facts, he pleaded guilty because he was pressured by his lawyer, and the attorney knew DeBose was never going to get deferred adjudication probation like he had led DeBose's family to believe, even though it was DeBose's first felony conviction.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed as barred by the statute of limitations. The Magistrate Judge determined that DeBose's conviction became final on Friday, October 2, 2009, when his time to seek discretionary review from the Texas Court of Criminal Appeals elapsed, meaning that the one-year limitations period began at that time and expired on Monday, October 4, 2010. DeBose did not point to any state-created impediments preventing him from filing his petition in a timely manner and did not assert a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Nor did he show that the factual predicates of his claim could not have been discovered in a timely manner through the exercise of due diligence.

Although DeBose filed a state habeas corpus application, the Magistrate Judge determined that this application was filed over four years after the statute of limitations had expired, and therefore did not revive any portion of the limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). The Magistrate Judge further determined that DeBose did not show any valid

basis for equitable tolling of the limitations period or for an evidentiary hearing and that DeBose had not set out a colorable claim of actual innocence.

**III. The Petitioner's Objections to the Report**

In his objections, DeBose states that he was subjected to excessive use of force on March 22, 2010. A use of force investigation was conducted which caused him to be subjected to "round the clock retaliation and harassment" by the officers under investigation. This placed DeBose under extreme duress and caused him to attempt suicide.

DeBose states that he kept records of his grievances and the letters he wrote to prison officials. To make matters worse, he was placed in administrative segregation on August 1, 2010. His property was supposedly lost, although most of it was later recovered. He filed a civil suit and pursued it "with a vengeance."

On February 1, 2013, DeBose's family purchased his trial transcripts, which the court reporter said was all that he had. He was going to file his state habeas application after he received the transcripts, but he was transferred to the Telford Unit. By this time, his civil lawsuit had become so demanding and required so much work that he could not juggle both legal matters at the same time. He acknowledges that his freedom was a priority and he should have been pursuing his habeas petition, but he wanted vengeance against his jailers for all of the injustices he had suffered.

After the civil suit was filed, DeBose states that the retaliation against him largely subsided. Once the lawsuit was over, DeBose began to research his state habeas application. He was going to get an affidavit from a witness in his criminal case who happened to be at the same unit, but was unable to do so. He was transferred to another unit and his cellmate told him about the statute of limitations in habeas cases; however, the cellmate said that it would not hurt to try to file anyway.

DeBose again asserts that he was coerced by his attorney and that he does not understand how someone without a prior record would not be given a plea offer but receive a life sentence. He maintains that he was in special education from elementary through high school and did not comprehend what was happening in the courtroom. He now knows how court-appointed attorneys

3

coerce involuntary guilty pleas, and if he had not been coerced into waiving his rights, witnesses would have been cross-examined and the truth would have come out. DeBose contends that he only pleaded guilty for the probation his attorney promised, when in fact he was not even eligible for court-ordered probation.

**IV. Analysis**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitations in habeas corpus proceedings. As set out in 28 U.S.C. §2244(d), this one-year limitations period runs from the latest of the following: (1) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which an impediment to filing created by state action in violation of the Constitution or laws of the United States is removed; (3) the date on which the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

DeBose's conviction became final in October of 2009, meaning his limitations period expired in October of 2010, over four years before he filed his state habeas corpus application. He has not shown an impediment created by State action in violation of the Constitution or laws of the United States. Neither the use of force against him nor the alleged harassment and retaliation which followed were "state-created impediments" within the meaning of the statute because they were not official actions carried out by the State of Texas.[1] *Compare Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003) (state's failure to provide any federal materials in the prison law library, with the result that the prisoner had no way to learn of the existence of the AEDPA or the statute of

---

[1] The jury in DeBose's civil lawsuit regarding the alleged use of force found that no constitutional violation had occurred. *DeBose v. Castro, et al.*, civil action no. 7:12cv0021 (N.D.Tex., March 3, 2015, appeal dismissed). Thus, even if the alleged assault could be considered a "state created impediment," DeBose has not shown that such impediment was "created by state action in violation of the Constitution or laws of the United States."

limitations, amounted to a state-created impediment in violation of the Constitution). His transfers to different units and placement in administrative segregation were not state actions which violated the Constitution or laws of the United States. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (no constitutional right to be confined in any particular prison within the state); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996) (absent extraordinary circumstances, confinement in administrative segregation is not grounds for a constitutional claim).

DeBose has not shown that he is asserting a newly recognized constitutional right, nor that the factual predicates of his claim could not have been discovered earlier through the exercise of due diligence. His claims of dissatisfaction with counsel, such as his contention that he was promised deferred adjudication but received a life sentence, would reasonably have been known to him at the time it occurred. Although he states that his family purchased a trial transcript in 2013, he offers no reason why this could not have been done within the limitations period.

Nor has DeBose set out any basis for equitable tolling of the statute of limitations. The statute of limitations may be equitably tolled in extraordinary circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1988). The habeas petitioner has the burden of establishing that equitable tolling is warranted. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). To accomplish this, the petitioner must show that he has been pursuing his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Such circumstances as ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, incarceration prior to the passage of the AEDPA, illiteracy, deafness, and lack of legal training have been held insufficient to justify equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

In this case, over five years elapsed between the time DeBose's conviction became final and the filing of his state habeas corpus application. Such a lapse of time plainly does not bespeak reasonable diligence. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *accord*, *Nelms v. Johnson*, 51 F.App'x 482, 2002 U.S. App. LEXIS 21827 (5th Cir., September 30, 2002) (stating

that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by.")

DeBose has not shown that the circumstances surrounding the use of force to which he was allegedly subjected amounted to extraordinary circumstances preventing him from seeking habeas corpus relief for an extended period of time; DeBose concedes that he should have been pursuing his habeas petition but wanted "vengeance" on the guards for the injustices he had suffered. In any event, DeBose did not sign his civil rights lawsuit until February 1, 2012, over a year after the limitations period for his habeas corpus petition had expired, giving him ample time to pursue his claims for habeas corpus relief prior to filing his civil rights lawsuit. DeBose has not met his burden of showing entitlement to equitable tolling. His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Dominique DeBose is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **25** day of **October, 2016.**

_____
Ron Clark, United States District Judge